DOUCET, Judge.
Plaintiff appeals from a judgment dismissing his suit for damages for personal injuries.
FACTS
On September 30, 1989, Ricky LeBlanc and his passenger pulled into a service station owned and operated by Diamond Shamrock Refining and Marketing Company (Diamond Shamrock) and insured by National Union Fire Insurance Company.
Mr. LeBlanc testified that he slipped and fell in a puddle of oil, injuring his left knee as he was turning to replace the gas pump nozzle in the pump.
Mr. LeBlanc filed suit on September 5, 1990, against Diamond Shamrock and its insurer. Subsequent to trial, the trial judge assigned oral reasons for judgment wherein he found that there was a hazardous condition on the defendant’s premises which caused the plaintiff’s accident. The trial judge found that the plaintiff had proved his prima facie case, therefore, under La.R.S. 9:2800.6, the burden of proof shifted to the defendant to exculpate itself from the presumption of negligence. However, the trial judge also determined that the defendant presented evidence which rebutted the presumption of negligence. The plaintiff’s suit was dismissed by judgment dated July 19, 1991.
On appeal plaintiff urges that the trial judge erred in finding that there was a true inspection thirty minutes prior to the accident. Alternatively, plaintiff argues that such an inspection, assuming it occurred, is insufficient to rebut the presumption of negligence.
LAW
The burden of proof to rebut the presumption of negligence is set forth in La. R.S. 9:2800.6 (Act 714 of 1988)[1] in pertinent part as follows:
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant’s premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free of any hazardous conditions.
*236 C. In exculpating himself from liability under this Subsection, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.
(emphasis added)
Courts have outlined the criteria for determining whether the inspection procedures are reasonably prudent. However, a merchant may expunge himself from negligence even in the absence of a reasonably prudent procedure where a true inspection has been conducted close enough to the occurrence of the accident.
The trial court correctly stated the evidence as follows:
The evidence shows that as part of the inspection procedures on Saturday morning the entire area under the canopy where the accident occurred is swept, hosed down and washed with soap. This accident happened on Saturday morning around 12:55 P.M., after the area had been hosed down and washed.
The Court agrees with counsel for Diamond Shamrock that Maryland versus Winn-Dixie, 393 Southern, Section 316, and Nettles versus Winn-Dixie of Louisiana, Inc., 496 Southern, Section 1296 are in [on] point with regard to the inspection in this case.
The Court finds that Ms. Hebert is a credible witness and that she had finished her job within thirty minutes of the accident. The evidence shows that this was a Saturday morning and she probably didn’t start her cleanup right away and further was delayed because of the business, being it was a Saturday morning.
The Court criticizes Diamond Shamrock’s inspection procedure. I really don’t find that their regular inspection procedures are adequate. However, the Court finds that there was a true inspection in this case which occurred within thirty minutes of the accident. I really don’t know what more Diamond Shamrock could have done in this situation to have prevented the accident.
The proper appellate review standard is clearly articulated in Rosell v. ESCO, 549 So.2d 840 (La.1989), on remand, 558 So.2d 1360 (La.App. 4 Cir.1990), writ denied, 561 So.2d 105 (La.1990) as follows:
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
(Citations omitted)
Id. at 844.
After reviewing the record on appeal in its entirety, we find that the trial judge correctly determined that a true inspection had occurred. Accordingly, the judgment of the trial court is affirmed. Costs are assessed to the plaintiff.
AFFIRMED.

. This statute has since been amended by Acts 1990, No. 1025. However,' this amendment affects only those causes of action which arise after September 1, 1990.